# THE CITY OF OLNEY
## v.
# THOMAS B. RILEY.

*Municipal Corporations —Negligence of—Street Crossing—Personal Injuries—Evidence—Instructions.*

1. Want of reasonable care on the part of the officers of a city as regards the keeping in repair of streets, crossings, and the like, will warrant a recovery for personal injuries suffered by reason thereof. Gross negligence is not necessary to entitle a plaintiff to recover in such action.

2. In the case presented this court holds that an instruction asked in behalf of the defendant, was properly modified by the trial judge, and declines, in view of the evidence, to interfere with the verdict for the plaintiff.

[Opinion filed February 2, 1891.]

APPEAL from the Circuit Court of Richland County; the Hon. C. C. BOGGS, Judge, presiding.

Mr. JOHN LYNCH, JR., for appellant.

Messrs. R. B. Witcher and Allen & Fritchey, for appellee.

Green, J. This suit in case was brought by appellee to recover for personal injuries alleged to have been occasioned by the failure of appellant to keep a certain street crossing in reasonably safe condition. The jury found for plaintiff and assessed his damages at $225, and judgment was entered on the verdict. To reverse this judgment, defendant appealed. No witnesses were introduced on behalf of defendant below, and the evidence on behalf of plaintiff fully sustains the verdict. The damages were not excessive. Plaintiff's leg was broken and his ankle injured when he fell at the crossing. He was confined to his room by reason of his injuries, five or six weeks, and was unable to work for a period of more than three months. He suffered great pain during the time he was confined to the house, and his physician's bill was $34.50. He was a miller by trade, earning $2.50 per day at the time of his injury. These facts would have justified the jury in allowing a much larger sum than the amount recovered if they found defendant guilty. The instructions given for plaintiff stated the law correctly and were applicable to the facts proven. Complaint is made of the modification of several instructions asked on behalf of defendant, but an inspection of the record discloses the modification of but one. The first instruction for defendant, which appellant claims was modified by the court, is preceded by these words: "And, thereupon, the defendant asked the court to give the jury the following instructions:" then follows the instruction (including the language claimed to have been added by the court), which is marked, "Given," and nothing in the record indicates that the instruction as given is not the instruction as requested by defendant, unless two bracket marks, *in pencil*, inclosing the words said to have been added, should be held to furnish such indication. How or when these marks were so placed is not explained. The instruction which the record does show was modified, was as follows:

"You are instructed that a city is not liable for every acci-

City of Olney v. Riley.

dent that may occur upon its sidewalks, but to establish a lia-
bility to the plaintiff, it must be shown by a preponderance of
the evidence that the officers of the city are guilty of gross
negligence, or want of ordinary care; not only that an injury
was received by the plaintiff, but must also show that the
injury was occasioned by a failure of the city to keep in a
reasonably safe condition the sidewalk or crossing at the time
and place in question; further, that the plaintiff was, at the
time of the injury, using ordinary and reasonable care for his
own safety." The court changed the language and then gave
the instruction as follows: " You are instructed that a city is
not liable for every accident that may occur upon its side-
walks, but to establish a liability it must be shown by a pre-
ponderance of the evidence, not only that an injury was
received by the plaintiff, but must also show that the injury
was occasioned by a failure of the city to keep in a reasonably
safe condition the sidewalk or crossing at the time and place
in question; further, that the plaintiff was, at the time of the
injury, using ordinary and reasonable care and prudence for
his own safety." It is quite apparent the instruction as asked
for ought to have been modified or refused. It was not
required that the evidence should show the officers of the city
guilty of gross negligence to entitle the plaintiff to recover,
but a want of reasonable care on their part would be negli-
gence creating liability. Perhaps the modified instruction
might have been framed with more accuracy, but as given it
was quite as favorable for defendant as it could demand. We
discover no error requiring the reversal of the judgment,
and it is affirmed.

*Judgment affirmed.*